Re: Bankruptcy Petition No. 08-04-82632-mlc   Chapter 7
Michael N. Moroknek, Debtor.

US DISTRICT COURT E.D.N.Y.
IN CLERK'S OFFICE
LONG ISLAND COURTHOUSE

* AUG 11 2005 *

## APPEAL

Honorable Sir or Madam:

**CV 05 3881**

I, Vivian Moroknek, Pro se, creditor, non-debtor spouse and plaintiff in an adversary proceeding, protesting the discharge of this bankruptcy, write this appeal to the decision regarding the Order to Vacate the Automatic Stay filed by Jeffrey Zipser of the law firm of Carus & Manfield on behalf of Bank of America, to allow that creditor to begin foreclosure proceedings on my residence at 11 Grove Place, Northport, NY 11768 for non-payment of a mortgage that is jointly held by the above named Debtor and myself.

**SEYBERT, J.**

**J. ORENSTEIN, M.J.**

Mr. Moroknek was court ordered to pay for this mortgage by a NYS Supreme Court Matrimonial pendente lite order dated December 2, 2002. Mr. Moroknek was found guilty of civil contempt in a hearing held in February 2004, and was sentenced to serve 30 days at the Nassau Correctional Institution in April 2004. However, since Mr. Moroknek filed for Chapter 7 Bankruptcy the day before his sentencing, he has been protected from all contempt proceedings under the automatic stay provided by the Federal Bankruptcy laws.

A new notice to vacate that stay with regard to the NYS Supreme Court pendente lite order is awaiting review and signature by the Hon. Melanie L. Cyganowski on June 30, 2005. This will allow the Supreme Court to enforce its order, which is still being violated in willful contempt and Mr. Moroknek can be encouraged to pay this amount from his current post petition earnings. He is a self- employed CPA with a thriving practice.

When I first applied for removal of the stay for this issue in June 2204, and to allow the divorce to proceed, my attorney at the time was told to remove the portion that pertained to Mr. Moroknek's serving his sentence for contempt because the court was inclined to allow him a chance to start anew. That portion of the motion was withdrawn at the time. Mr. Moroknek misuses this privilege now as "get-out-of-jail-free" protection and has continued to flaunt his contempt of the Supreme Court's order, now placing my home in peril.

A contempt motion was placed in process in May 2005, and an application for a summary decision was submitted to the Hon. Justice Robert Ross on June 23, 2005.

Vacating this stay without allowing the other stay to be vacated with regard to enforcement of the conviction for contempt, creates a "catch-22" hardship whereby this Debtor can wreak economic abuse upon this non-debtor spouse, putting her home in peril and causing her economic catastrophe. I appeal that the automatic stay for Bank of America not be vacated separately from the automatic stay regarding the NYS Supreme Court decision.

Respectfully submitted,

*Vivian Moroknek* , JUNE 24, 2005

Vivian Moroknek
11 Grove Place
Northport, NY 11768
631-757-2530

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------x

In re:

Michael N. Moroknek

                    Debtor.

------------------------------x

PRESENTMENT DATE:
06/07/2005 @ 9:30 a.m.
Room 960
Chapter 7
Case No. 8-04-82632-mlc

ORDER
VACATING STAY

APPLICATION HAVING BEEN MADE to this Court by Bank of America, FSB (hereinafter referred to as "BOA") by Notice of Presentment dated 05/13/2005, seeking an Order vacating as to it the automatic stay imposed by 11 U.S.C. §362(a); and it appearing that Notice of said Presentment and Affirmation in support having been served upon the debtor, debtor's attorney, the Chapter 7 Trustee and the U.S. Trustee; and this matter having come before the United States Bankruptcy Court, Long Island Federal Courthouse, 290 Federal Plaza, Room 960, Central Islip, New York for settlement at 9:30 a.m. on 06/07/2005; and there being no written opposition thereto; and good and sufficient cause appearing therefore; it is

ORDERED, that the application of BOA to the extent it requests an order vacating the automatic stay pursuant to 11 U.S.C. §362(d) is hereby granted as set forth below; and it is further

ORDERED, that the automatic stay imposed by 11 U.S.C. §362(a) is hereby terminated as to BOA, its successors and/or

assigns, with respect to the property described below; and it is further

ORDERED, that BOA, its successors and/or assigns, is hereby granted leave to proceed with its foreclosure action in the Supreme Court of the State of New York, County of Suffolk as against the subject real property commonly known and described as 11 Grove Place, Northport, New York; and it is further

ORDERED, that BOA may increase the mortgage indebtedness owed by the sum of $150.00 for the cost of bringing this motion; and it is further

ORDERED, that the Chapter 7 Trustee and the debtor shall receive notice of any surplus monies which may exist after the foreclosure sale.

Dated:  Central Islip, New York
　　　　*June 20, 2005*

　　　　　　　　　　　　　　　　*/s/ Melanie L. Cyganowski*

　　　　　　　　　　　　　　　　HON. Melanie L. Cyganowski
　　　　　　　　　　　　　　　　U.S. Bankruptcy Judge
　　　　　　　　　　　　　　　　Eastern District of New York