FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   AUG 11 2005   ★

LONG ISLAND OFFICE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------
In the Matter of                    )        Chapter 7
                                    )
    MICHAEL N. MOROKNEK             )
                                    )        04-82632
    Debtor.                        )
--------------------------------------

CV 05 3831

Motion for Relief from Stay. Filed by Jeffrey N. Zipser
on behalf of Bank of America, FSB. (34)

SEYBERT, J.

                    United States Bankruptcy Court
                    Central Islip, New York
                    June 20, 2005
                    9:30 a.m.

J. ORENSTEIN, M.J.

B E F O R E:

            HONORABLE MELANIE CYGANOWSKI,
            Bankruptcy Judge

A P P E A R A N C E S:

        CARUS & MANNIELLO, P.C.
            115 Eileen Way
        Syosset, New York 11791

            BY:  JEFFREY N. ZIPSER, ESQ.


        VIVIAN MOROKNEK, Creditor Pro Se

        MARC PERGAMENT, Chapter 7 Trustee
        900 Garden City Plaza
        Garden City, New York   11590



ALSO PRESENT:

        Marie L. DiMarco, Court Reporter
        Tankoos Reporting Company, Inc.
        142 Willis Avenue, Mineola, NY 11501
        305 Madison Avenue, New York, NY   10165

2

PROCEEDINGS

THE COURT:  The Moroknek matter.

MR. ZIPSER: Good morning, your Honor. Jeffrey Zipser for Bank of America. This is a motion for relief from stay. Bank of America is the current holder of the note and mortgage on the premises located at 11 Grove Place, Northport, New York.

Default exists and commenced with the March 2005 payment. The Trustee already sold the estate's interest in the premises to Mrs. Moroknek, the joint owner of the premises and now the estate of the Debtor currently has an interest in the premises.  This was done by adversary proceeding brought by Trustee against Ms. Moroknek.

It was settled by stipulation and settlement. It was approved by the Court and Ms. Moroknek has committed the funds necessary to the pay Trustee.  We would be entitled to vacatur of the stay at this point. We request that be granted.

THE COURT:  Mrs.  Moroknek, I gather you have the monies that you believe your husband is required to pay but you don't want to pay until he's required?

MS. MOROKNEK: Excuse me, your Honor?

THE COURT: I am trying to understand your

(212) 349-9692  TANKOOS REPORTING COMPANY  (516) 741-5235

position. As I understand your position you believe the stay should not be vacated because it's Mr. Moroknek's obligation to make the payments?

MS. MOROKNEK: Pursuant to a December 2002 Pendente Lite order Mr. Moroknek was ordered to pay for this mortgage. I was not notified that these payments were not being made.  My first notification of the foreclosure pending was a copy of this motion to vacate the stay by Carus & Manniello.

There is currently a contempt motion for civil and criminal contempt pending in the Supreme Court that will be before Judge Ross in a couple of days.

The issue is Mr. Moroknek is also adjudicated maintenance to me because of my ability, my income and my ability or inability to pay for the bills. He's also not paid the maintenance that has accrued since the Chapter 7 which is over $25,000 in addition to that under the Pendenti Lite, although he continues to draw income.

There is a motion for willful contempt and it will be heard this week. I don't want to have to go into foreclosure and I am trying to take the steps necessary to be able to pay these bills --

THE COURT:  I understand that.  I am sympathetic to that; but it's not a basis for this Court

4

to prevent the stay from being lifted. The relief you're seeking must be done through the State Court but I cannot use the automatic stay to prevent the bank from proceeding to foreclose based upon the fact that your due these payments from Mr. Moroknek.

I understand that its placing you in what you believe to be a Catch 22, but this Court cannot require Mr. Moroknek to make those payments. That is for the State Court to do which is why you're proceeding there.

MS. MOROKNEK: The State Court, excuse me, your Honor. Thank you. The State Court has already done so and Mr. Moroknek was convicted of civil contempt in April of 2004.

He's not serving his sentence because of the same automatic stay that is protecting him from answering for his debts that continues to this day.

THE COURT: I can deal with that motion if it were made before me on notice. But it does not mean that the bank is not entitled to have the relief granted in its favor.

MS. MOROKNEK: Do I understand that -- if I can have clarification, that under a notice of presentment I can apply to vacate the automatic stay so the State Court can proceed? Is that what you mean?

5

THE COURT:  I cannot serve as your lawyer. You're entitled to bring a motion.  The motion can be made by presentment or on notice.

If its by presentment and there's opposition then it becomes a hearing before me. But I cannot give you the advise as to whether the relief would be granted or whether you're entitled to relief.

All that I am saying is that merely because the automatic stay might be applied on one hand, it does not mean that it must continue with respect to another creditor. There are different issues here. The bank is entitled to be paid. It showed the Court that no post petition payments have been made.  That is a sufficient basis in this Court for the stay to be lifted.

You're going to be before the Supreme Court on Wednesday. It may be that that court can give you other relief. That is not for this Court to say. All I can do is limit myself to what's before me here.

So at this time I'll ask Mr. Zipser to settle the order. Actually there is an order. I can sign that order.

There's a 10-day period before it becomes effective. And both parties can proceed accordingly.

Mr. Zipser if you haven't provided -- you should provide that you'll serve a copy of this order

6

upon Mrs. Moroknek for her records.

MR. ZIPSER: Yes, your honor.

7

C E R T I F I C A T E

I, MARIE DIMARCO, HEREBY CERTIFY THAT: (A) THE FOREGOING PAGES REPRESENT AN ACCURATE AND COMPLETE TRANSCRIPTION OF THE RECORD OF THE PROCEEDING BEFORE THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK, MELANIE CYGANOWSKI PRESIDING, IN THE MATTER OF MICHAEL N. MOROKNEK AND (B) THESE PAGES CONSTITUTE A TRUE COPY OF THE TRANSCRIPT OF THE PROCEEDING.

_____

MARIE DIMARCO,

Shorthand Reporter